THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENTS, *v.* CHARLES H. WEED, APPELLANT.

*Evidence — advice, that a paper signed by a husband and wife in legal effect constitutes a divorce, is no defense to an indictment for bigamy.*

Upon the trial of the defendant for bigamy it was shown that prior to the second marriage he and his wife had signed articles, under seal, in Connecticut, providing that if either party should apply for a divorce, the other party would not oppose the application and would not appear against the petitioning party. He was then asked by his counsel whether the justice of the peace in Connecticut, who witnessed the paper, did not tell him that it was in legal effect a divorce.

*Held,* that the court properly refused to allow the question to be put

APPEAL from a judgment of the Court of Sessions of Westchester county, convicting the defendant of bigamy.

*Francis Larkin*, for the appellant.

*Nelson H. Baker*, district-attorney, for the people.

BARNARD, P. J.:

The prisoner was indicted for bigamy. The offense was clearly proven. The prisoner married one Louisa Bryson, in Westchester county in this State, in 1875, and he again married one Carrie Megol in May, 1881, in Westchester county. Louisa Bryson was at the date of the second marriage and is yet living. It was proven upon the trial that, before the second marriage, the prisoner and his wife signed articles under seal, in Connecticut, that if either party should apply for a divorce the other would not oppose the application and would not appear against the petitioning party. A question was put by the prisoner's counsel to him whether the justice of the peace in Connecticut, who witnessed the paper, did not tell him that the paper was in legal effect a divorce. The same question was put to another witness to the paper. These questions were overruled and an exception taken to the decision. This presents the only question in the case. We think it was not an erroneous ruling. The general rule is that all are presumed to know the law, and that ignorance of the law excuses no one from crime. The particular crime alleged was fully made out. The two marriages were understandingly entered into by the prisoner, with full knowledge of the facts which, by statute, establishes the offense. The prisoner, when he married the second time, knew that his first wife was still living. Neither the deputy sheriff who drew the paper nor the justice who read it over could destroy the effect of an intentional violation of a statute, by advice that such violation could be lawfully done.

The conviction should therefore be affirmed.

DYKMAN and PRATT, JJ., concurred.

Conviction affirmed.